SAMUEL A. TANNYHILL, APPELLEE, v. LOUIS PEPPERL,
APPELLANT.

FILED OCTOBER 7, 1903.  No. 12,977.

1. **Deed as Mortgage.** Where a deed, absolute in form, is given to
   secure payments of an indebtedness existing between the grantor
   and grantee therein, and the relation of debtor and creditor con-
   tinues after the execution of the conveyance, the deed should be
   treated as a mortgage.    ˙

2. **Evidence.** Evidence examined, and *held* sufficient to sustain the
   judgment of the trial court.

APPEAL from the district court for Pawnee county:
CHARLES B. LETTON, JUDGE. *Affirmed.*

*Harry C. Lindsay* and *John B. Raper*, for appellant.

*Story & Story, Henry Matters* and *Joseph Wurzburg*, contra.

OLDHAM, C.

The plaintiff in this cause of action, Samuel A. Tanny-hill, held possession of a valuable tract of land in Pawnee county, Nebraska, under a contract of purchase. The contract provided for payments in instalments, and that, when all instalments were paid, a warranty deed should be executed to the holder or his assignees by the owner of the land. It appears that in making different payments on this contract, plaintiff had become indebted to numerous creditors who had either loaned him money or signed his notes, as sureties, and that, to secure one of these creditors, he had assigned his contract for the purchase of the land; that he applied to the agent of a loan company for a loan of money on the lands, sufficient to pay the remainder due on the contract and a portion of his general indebtedness; that he was informed that such loan could be procured as soon as title to the land was perfected; that the defendant in this cause of action, Louis Pepperl, was one of the creditors to whom he was indebted, in the sum of about $1,100, for money loaned and notes secured; that the plaintiff thereupon proposed to defendant that, if the defendant would advance sufficient money to pay the other indebtedness of plaintiff, he would redeem his contract and assign the same to defendant, and that they would procure a loan on the lands sufficient to pay the remainder due on the contract and the indebtedness of plaintiff to the other creditors, and that the deed should be made to defendant, who could immediately take possession of the lands, collect the rents thereon, and control the same, until the full amount of plaintiff's indebtedness was discharged; that, in furtherance of this understanding and agreement, the defendant advanced sufficient money to pay plaintiff's outstanding indebtedness, and plaintiff assigned the contract to defend-

ant, who paid the remainder due thereon, and received a deed to the premises; that a loan in defendant's name was negotiated on the premises for the sum of $2,400, and from the proceeds of this loan the defendant paid the remainder of the purchase price of the premises and the outstanding indebtedness of plaintiff to other creditors than himself, and took the deed to the premises in his own name, entered into possession of them, and continued in the possession for two years, making improvements on the premises, paying the interest and a portion of the principal upon the loan, as the same matured.

Plaintiff subsequently instituted this cause of action for the purpose of having an accounting with the defendant for the amount due him, and to have defendant's deed declared a mortgage, and the title quieted in plaintiff on payment of the remainder due defendant. Defendant contended that the assignment of the land contract by plaintiff to him was an absolute sale, in consideration of defendant's assuming and paying plaintiff's indebtedness. On issues thus joined, the trial court found for plaintiff, treated the assignment of the contract and the deed received thereunder as a mortgage to secure plaintiff's indebtedness to defendant, credited defendant with all money advanced under his agreement with plaintiff and with the value of all improvements made on the premises during his occupancy, charged him with the reasonable value of the rents and profits of the premises, and found that there were due him from the plaintiff $3,739.67, and decreed that, unless the plaintiff should pay said sum within ninety days, the premises might be sold, as on execution, to satisfy the judgment, and that, if the amount should be paid within the time fixed, the defendant should convey the premises to plaintiff, subject to the mortgage thereon.

It will be observed, from the above statement, that the question at issue in this case depends largely on a finding of fact as to the agreement and understanding existing between plaintiff and defendant at the time plaintiff assigned the land contract to defendant, on which the deed

to the premises was procured. There were two witnesses to the conversation that took place between plaintiff and defendant which led up to the assignment of the contract. Each of these witnesses was interested in having the title perfected, that they might procure a loan upon the land. Each of them stated that the agreement was as contended for by plaintiff; that plaintiff suggested that defendant might have the deed made in his own name, and that he might take possession of the land and hold it until the entire indebtedness was paid. While we understand that, in order to show that a deed absolute in form was intended as a mortgage, the proof must be clear, convincing and consistent with the known facts; yet, we think, in the case at bar, the finding of the trial judge on this question is fully warranted by the testimony required by this rule. Where the consideration for a deed absolute in form is shown to have been the security of an indebtedness existing between the grantor and grantee, and where, after the execution of the instrument, the relation of debtor and creditor still exists, such conveyances are universally held mortgages rather than deeds absolute. In the instant case, the proof shows that, after the assignment of the contract and the delivery of the deed, the defendant retained the notes which he had paid for plaintiff and did not return them canceled and satisfied. While he says that he did this merely through inadvertence, yet we think this fact, in connection with the overwhelming weight of the evidence as to the understanding between the parties at the time the assignment was made, is fully sufficient to sustain the judgment of the trial court.

It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.